NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  VOIP-PAL.COM, INC.,**
*Petitioner*

---

2022-123

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in No. 3:21-cv-02769-JD, Judge James Donato.

---

**ON PETITION**

---

Before MOORE, *Chief Judge*, DYK and STOLL, *Circuit Judges*.

MOORE, *Chief Judge*.

## O R D E R

VoIP-Pal.com, Inc. petitions for a writ of mandamus directing the United States District Court for the Northern District of California to vacate its November 2, 2021 order and to grant VoIP-Pal's motion to dismiss.  Twitter, Inc. opposes the petition.  VoIP-Pal replies.  For the following reasons, we deny VoIP-Pal's petition.

I.

VoIP-Pal is the owner of several patents relating to a system for routing communications over Internet Protocol networks, including U.S. Patent Nos. 10,218,606 ("the '606 patent"); 8,542,815 ("the '815 patent"); 9,179,005 ("the '005 patent"); 9,537,762; 9,813,330; 9,826,002; 9,948,549; and 9,935,872 ("the '872 patent").

VoIP-Pal and Twitter have opposed each other on multiple occasions concerning these VoIP-Pal patents. Prior to Twitter's present action, VoIP-Pal filed an action alleging that Twitter infringed the '815 patent and the '005 patent. VoIP-Pal brought additional actions against other telecommunication and internet companies alleging infringement of the same patents, and the defendants filed consolidated motions to dismiss. The district court held the asserted claims invalid because they covered subject matter ineligible under 35 U.S.C. § 101. This court affirmed that ruling in March 2020. *See VoIP-Pal.com, Inc. v. Twitter, Inc.*, 798 F. App'x 644, 645 (Fed. Cir. 2020). VoIP-Pal filed a petition for panel and en banc rehearing of that decision in April 2020, which this court denied on May 18, 2020.

During the pendency of that infringement suit, VoIP-Pal brought several actions against other telecommunication and internet companies alleging infringement of its other patents, including the '606 patent. After those suits were filed, Twitter filed a suit in the Northern District of California in April 2020, seeking a declaratory judgment that its products did not infringe the '606 patent. According to Twitter's complaint in the present case, after multiple communications between the parties made during the pendency of that action, VoIP-Pal offered Twitter a covenant not to sue on the '606 patent but declined to extend the covenant to the '872 patent. Compl. at 4, ¶10, *Twitter, Inc. v. VoIP-Pal.com, Inc.*, No. 3:21-cv-02769 (N.D. Cal. Apr. 16, 2021), ECF No. 1. On March 24, 2021, VoIP-Pal

moved to dismiss Twitter's action based on its covenant not to sue, which was granted on August 30, 2021.

In the present action, filed on April 16, 2021, Twitter seeks a declaratory judgment that its products do not infringe the '872 patent. VoIP-Pal moved to dismiss the complaint, arguing, among other things, that the district court lacked jurisdiction because no immediate, actual controversy between the parties yet existed. On November 2, 2021, the court denied VoIP-Pal's motion, concluding, based on an assessment of all the circumstances, that VoIP-Pal had engaged in affirmative acts that indicated an intention to enforce the '872 patent against Twitter. Appx18. On December 9, 2021, VoIP-Pal filed a second motion to dismiss Twitter's complaint—this time, with the addition of a covenant not to sue for infringement of the '872 patent, conditioned on the grant of that motion. The district court has scheduled a hearing for that motion for March 24, 2022. On January 20, 2022, VoIP-Pal filed this petition. In its reply brief, VoIP-Pal states that it "seeks to dismiss the underlying action *before* the district court determines whether the covenant not to sue is sufficient to divest itself of jurisdiction." Reply at 4.

## II.

The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *See In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, *see Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (internal quotation marks and citation omitted). And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist.*

*Ct. for D.C.*, 542 U.S. 367, 381 (2004). VoIP-Pal has not shown that this standard is satisfied here.

VoIP-Pal has not shown that the district court clearly and indisputably erred in denying its first motion to dismiss. As the district court correctly observed, our cases have recognized that a history of litigation involving related patents against the same products can play a significant role in establishing declaratory judgment jurisdiction. *See Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1331 (Fed. Cir. 2014) (explaining that "a history of patent litigation between the same parties involving related technologies, products, and patents is another circumstance to be considered, which may weigh in favor of the existence of subject matter jurisdiction[.]"); *Arkema Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351, 1358 (Fed. Cir. 2013) ("Here, Honeywell has accused Arkema of infringing its rights with respect to 1234yf in litigation over [a] closely related [ ] patent . . . . This creates a sufficient affirmative act on the part of the patentee for declaratory judgment purposes.").

The district court made a reasonable determination here that VoIP-Pal's prior patent infringement suit involving the same products and closely related patents provided strong support for there being an active controversy between the parties regarding the '872 patent. The court also found that other considerations supported jurisdiction. In particular, the court noted VoIP-Pal had issued a press release after this court's affirmance decision stating that it was "undeterred in [its] fight to assert [its] intellectual property rights" and "remain[ed] firm in [its] resolve to achieve monetization for [its] shareholders," Appx15; had continued to aggressively enforce its patents against other telecommunications and internet companies, Appx16–17, and, at the time, declined to grant a covenant not to sue on the '872 patent, Appx18. Based on these circumstances, we cannot say that VoIP-Pal has shown a clear right to dismissal of the action for lack of a case or controversy.

Nor has VoIP-Pal shown that it had no other means to obtain dismissal of Twitter's action other than by way of granting its mandamus petition. VoIP-Pal has a pending motion at the district court to dismiss the suit based on a proposed covenant not to sue, and the court has a scheduled upcoming hearing on the motion. VoIP-Pal responds that it should not have to provide a covenant not to sue in order to secure dismissal of the action, and that if successful on its first motion to dismiss, the district court need not reach the second motion and the conditional covenant. But that problem is one of VoIP-Pal's own making. VoIP-Pal is the one that decided to offer the covenant rather than wait to challenge the ruling on direct appeal following final judgment. *See Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) ("[E]xtraordinary writs cannot be used as substitutes for appeals . . . even though hardship may result from delay and perhaps unnecessary trial[.]" (citation omitted)).

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

March 22, 2022                          /s/ Peter R. Marksteiner
     Date                                  Peter R. Marksteiner
                                           Clerk of Court